NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3441
_____

UNITED STATES OF AMERICA

v.

JAMES FOWERS,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cr-00029E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

Before: SMITH, FISHER and COWEN, *Circuit Judges*.

(Filed: November 3, 2006)

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

After his case was remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), James Fowers was resentenced to the original term of 85 months.

He now appeals. For the reasons that follow, we conclude Fowers's claims are without merit and will affirm the District Court's judgment of sentence.

I.

As we write solely for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. Fowers pled guilty to a two-count indictment – Count 1 charged him with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B), and Count 2 charged him with receipt of obscene material, in violation of 18 U.S.C. § 1462. On February 6, 2004, under the then mandatory United States Sentencing Guidelines, the District Court calculated Fowers's Guideline level as 28. The Guidelines determination was predicated on a base-offense level of 21 followed by a two-point enhancement and a five-point upward departure. The District Court applied a two-level enhancement for obstruction of justice, based on taped phone calls Fowers made from prison to his children requesting that they tell the police they were responsible for his crimes. It added an additional five-level upward departure under § 5K2.0 and § 2G2.2 after it found by a preponderance of the evidence that Fowers engaged in a pattern of activity involving the sexual abuse or exploitation of minors.

The suggested Guidelines range for a criminal history category of I and a base level of 28 was 78-97 months. The District Court sentenced Fowers to 85 months – 60 months for Count 1 and 25 months for Count 2.

Following Fowers's first appeal based on ineffective assistance of counsel, we affirmed the District Court's opinion but remanded for resentencing in light of *Booker*. *United States v. Fowers*, 131 Fed. Appx. 5 (3d Cir. 2005).

At resentencing, two witnesses – Diana Baideme and Fowers himself – presented testimony aimed at undermining the two-level obstruction enhancement. They testified that Fowers could not have requested his children take the fall over the phone as he was not allowed to use the phone for at least two weeks after his incarceration.

At the conclusion of this testimony, the District Court stated it recognized that although the Guidelines are now advisory, it was still obligated to establish the correct advisory Guidelines range. In re-calculating the advisory Guidelines range, the District Court incorporated evidence and reviewed findings offered at the previous sentencing and found its previous Guidelines calculations were "both factually and legally accurate and remain so today." The District Court then considered the factors set forth in 18 U.S.C. § 3553(a) before concluding that the same 85-month sentence it had previously imposed was reasonable and appropriate.

II.

When assessing a sentence, we review a district court's application of the Guidelines *de novo*, *United States v. Abrogar*, 459 F.3d 430, 433-34 (3d Cir. 2006), but review its factual determinations for clear error.[1] If we are satisfied the District Court

---

[1] Even though the United States Supreme Court excised the "clearly erroneous" standard from 18 U.S.C. § 3742(e), the standard of review for findings of fact is still clear

correctly calculated the Guidelines range, we review its final sentence for "reasonableness," employing as our guides the factors set forth under 18 U.S.C. § 3553(a), *Booker*, 543 U.S. at 261-262, and the framework we set forth in *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Fowers first argues that the District Court improperly applied a two-level obstruction enhancement. U.S.S.G. § 3C1.1. We find no error in the District Court's application of the guideline. In applying a sentencing factor, a district court need only find the facts underlying that factor by a preponderance of the evidence. *Cooper*, 437 F.3d at 330. At Fowers's initial sentencing, the District Court heard testimony regarding taped conversations between Fowers and his children wherein Fowers surreptitiously requested that they tell the police they were responsible for the child pornography sites visited on Fowers's computer. The mere fact that Fowers took the stand and presented a witness testifying that he did not ask them to lie does not undermine the District Court's finding by a preponderance that Fowers obstructed justice.

Fowers's argument about the reasonableness of his sentence is equally unavailing. Fowers bears the burden of proving that his sentence is unreasonable. *United States v. Parker*, 462 F.3d 273, 276 (3d Cir. 2006). In order for us to find that a sentence was reasonable, the "record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors" and that "those factors were reasonably applied to the

---

error. *See*, *e.g.*, *United States v. Robinson*, 433 F.3d 31, 38 (1st Cir. 2005).

circumstances of the case." *Cooper*, 437 F.3d at 329-30. We do not require a rote statement that the district court has read *Booker* and understands the advisory nature of the guidelines or a factor-by-factor analysis of the sentence under § 3553(a). *Id.* at 329. What we require is that the record demonstrate careful consideration of the § 3553(a) factors and a sentence that reflects that consideration.

Fowers's sentence meets these requirements. After stating on the record the advisory nature of the guidelines, the District Court stated each of the § 3553(a) factors. It then proceeded to state that in this case it was particularly concerned with the seriousness of the offense, deterrence, protection of the public, and the defendant's failure to show remorse. 18 U.S.C. § 3353(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C). It completed its statement of the reasons for imposing the 85-month sentence by stating that it found the defendant "to be one of the most manipulative, deceptive and dangerous individuals I have run across." These statements demonstrate that the District Court gave meaningful consideration to the § 3553(a) factors and applied them reasonably to the facts of Fowers's case. *Cooper*, 437 F.3d at 329-30. The sentence imposed by the District Court was reasonable. *Booker*, 543 U.S. at 262.

For the reasons set forth above, we will affirm the District Court's judgment of sentence.